UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIA FOSTER on Behalf of Herself and on Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION NO.: 1:22-cv-7285 |
| V. | § § | JURY TRIAL DEMANDED |
| PLANET GROUP, INC. and PLANET PHARMA, LLC, | § § § | |
| Defendants. | § § § | |

**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT**

1. This is a "collective action" instituted by Plaintiff Kia Foster as a result of Defendant Planet Group, Inc.'s, and Defendant Planet Pharma, LLC's (collectively "Defendants") practices and policies of misclassifying Plaintiff and other similarly situated employees as "exempt" from overtime and failing to pay them at the rate of one and one-half times their regular rate of pay for all the hours they worked in excess of 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. Defendants' conduct violates the FLSA because Plaintiff's job duties do not satisfy any exemption under the FLSA. Moreover, Defendants have misclassified numerous other workers as exempt from overtime.

2. Defendants' conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a). On behalf of herself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to hereinafter as the "Class Members." Through this

lawsuit, Plaintiff seeks all unpaid overtime wages, liquidated damages, interest, costs, penalties, and attorney's fees owed to her and the Class Members.

## JURISDICTION AND VENUE

3. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), et seq.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants' headquarters are located in this District. Additionally, the decision to pay the Plaintiff and Class Members in the illegal manner described in this case Complaint was made in this District.

## PARTIES

5. Plaintiff Kia Foster is an individual who worked for Defendants in Cypress, Texas. Her written consent to this action is attached hereto as Exhibit "A."

6. The Class Members are all current and former accounting coordinators who worked for the Planet Group of Companies for at least one week during the three-year period prior to the filing of this action to the present.

7. Defendant Planet Group, Inc. is an Illinois corporation with its principal place of business in Illinois. Said Defendant may be served process by serving Roman Sroka at 7N183 Falcons Trail, Saint Charles, IL 60175-6808.

8. Defendant Planet Pharma Group, LLC is a foreign limited liability company doing business in Illinois and maintaining its principal place of business in Deerfield, Illinois. Said Defendant may be served process by serving CT Corporation System at 208 SO Lasalle St., Suite 814, Chicago, IL 60604.

**PESRONAL JURISDICTION AND COVERAGE**

9. Personal jurisdiction exists over Defendants as each Defendant maintains its principal place of business in Illinois. Additionally, Defendant Planet Pharma Group, LLC is subject to personal jurisdiction before this Court because it has purposefully availed itself of the privileges of conducting activities in Illinois and established minimum contacts sufficient to confer jurisdiction. Defendant Planet Pharma Group, LLC does business in Illinois, employs residents of Illinois, advertises in Illinois, markets to Illinois customers, and the decision to pay Plaintiff and the Class Members in the illegal manner described in this Complaint was made in Illinois. Therefore, the assumption of jurisdiction over Defendant Planet Pharma Group, LLC will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. Defendant Planet Pharma Group, LLC also has had and continues to have continuous and systematic contacts with Illinois sufficient to establish general jurisdiction over them.

10. The FLSA defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d). At all material times, Defendant Planet Group, Inc. and Defendant Planet Pharma Group, LLC have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

11. At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

12. At all material times, Defendants have been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

13. Furthermore, Defendants have had an annual gross business volume of not less than $500,000.

14. At all material times, Plaintiff and Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

15. For all intents and purposes, Defendant Planet Group, Inc. and Defendant Planet Pharma Group, LLC are effectively the same company and operate as a single enterprise. Despite the corporate fragmentation, a "single enterprise" under the FLSA exists. *See Donovan v. Grim Hotel Co.*, 747 F.2d 966 (5th Cir. 1984). The Defendants share the same officers and directors, such as Mike Stromberg and Philip Monti.

16. The Defendants also perform related activities. That is, they operate a staffing company that provides workers to other companies. They both employ accounting coordinators and classify them as exempt from overtime. In fact, on the job description for the accounting coordinator position, both "Planet Pharma" and "Planet Group" are listed on the job description. Defendants have the same policies and procedures, same employee handbook, and same retirement policies. They also operate under the same brand name of "The Planet Group." They advertise on the same websites - https://theplanetgroup.com/. Further, they each provide the same service to customers, which is to provide staffing services.

17. The Defendants also operate in a unified manner and under common control. They share the same corporate office. They also share control over hiring, firing, and overhead decisions. They have the same officers and directors. *See* https://theplanetgroup.com/about-us/leadership/, last visited December 27, 2022.

18. Moreover, the Defendants have a common business purpose to operate a staffing company for profit. Furthermore, Defendants represent themselves to the general public as one business operating at multiple locations. They pool their resources and have common ownership. In fact, Defendants provide the same service to their customers by using a set formula when conducting their staffing business. Part of that formula is the illegal misclassification of employees that is alleged in this Complaint.

19. Based upon these facts, at all material times, Defendants have operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose. *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Reich v. Bay, Inc.*, 23 F.3d 110, 113 (5th Cir. 1994).

20. Defendant Planet Group, Inc. and Defendant Planet Pharma Group, LLC are mere instrumentalities or alter egos of each other and each Defendant is vicariously liable for the violations committed by each other.

21. Additionally, based upon these facts, Defendant Planet Group, Inc. is a joint employer and are jointly and severally liable for all wage and hour compliance, including the payment of overtime compensation. *See* 29 C.F.R. § 791.2(a); *Schultz v. Capital International Security, Inc.*, 466 F.3d 298, 306 (4th Cir. 2006).

22. Defendant Planet Group, Inc. is liable to the Plaintiff and Class Members because it owns, operates, and controls Planet Pharma and the other Planet Group of Companies. Defendant Planet Group, Inc. hired the managers for Planet Pharma, chose the location for the operations, set the hours of work at each location, controlled the advertising, purchased the equipment needed by

Planet Pharma, and all profits earned by Planet Pharma go to Planet Group. Moreover, the work performed by the Plaintiff and Class Members was for the benefit of Defendant Planet Group, Inc.

23. Defendant Planet Group, Inc. set the requirements for hiring accounting coordinators, created the job description, set the requirements for the job, and the policies and procedures applicable to accounting coordinators. Defendant Planet Group, Inc. also possessed the power to hire and fire Plaintiff and the Class Members. At any time, Defendant Planet Group, Inc. could have terminated Plaintiff or any Class Member.

24. Defendant Planet Group, Inc. supervised and controlled the conditions of employment of the Plaintiff and Class Members. Defendant Planet Group, Inc. set the policies and procedures that the Plaintiff and Class Members were required to follow, set the amounts that they were paid, and the hours they were required to work.

25. Defendant Planet Group, Inc. also maintained employment records for the Plaintiff and Class Members, including their work applications, work schedules, and pay records, amongst other records.

**FACTUAL ALLEGATIONS**

26. Defendants operate a national staffing company. As their website states: "Welcome to The Planet Group…We provide high-value outsourced global workforce solutions and consulting services to Fortune 500 and top companies in a multitude of fast-growth sectors" (https://theplanetgroup.com/about-us/our-story/, last visited December 27, 2022).

27. Defendants hire workers and provide those workers to other companies in need of labor. Defendants provide this service throughout the U.S.

28. To provide this service, Defendants employ "accounting coordinators." Accounting coordinators are entry level workers who perform primarily data entry. In particular,

6

the primary duty of accounting coordinators is to enter the hours worked by the employees that Defendants staff to other companies.

29. The job description for accounting coordinators describes the job as an entry level position. The tasks performed by accounting coordinators include: "scanning/e-mailing of invoices and timesheets," "submit client billings," and "respond to client inquiries." None of these tasks constitute exempt duties.

30. Further, no four-year college degree is required to perform the job. Similarly, no accounting education or certification is required.

31. Plaintiff is a current employee of Defendants and was hired as an accounting coordinator. She has been employed with Defendants since November 2021. She was initially paid an annual salary of $70,720. However, after she complained about being misclassified as exempt, Defendants retaliated against her and unilaterally reduced her salary to $60,000 per year, as will be further explained below.

32. Plaintiff's primary duty was to perform data entry. She entered information from time sheets into an excel spreadsheet that contained pre-prepared formulas and data fields. After she enters the information into the system, she is required to email the spreadsheet to her manager who verifies that the data was entered correctly.

33. Plaintiff regularly worked more than 40 hours each week. Her regular schedule is approximately 7:30 am to approximately 4 pm. The job she performs requires overtime. For instance, she is required to upload all employee time sheets on Wednesdays. She normally works until 8 pm on those days, for 12 ½ hours of work on those days.

34. Unfortunately, when Plaintiff worked more than 40 hours in a week, she was not paid at the rate of time and one half her regular rate of pay. That is because she was misclassified as exempt from overtime.

35. Like Plaintiff, the Class Members were misclassified as exempt from overtime.

36. Like Plaintiff, the Class Members regularly worked more than 40 hours each week.

37. The Plaintiff and Class Members shared the same job description and performed substantially the same job duties.

38. Plaintiff and the Class Members are not exempt from overtime under the FLSA.

39. The primary duty of Plaintiff and the Class Members is not to supervise other employees or manage a customarily recognized department of Defendant's company.

40. Plaintiff and the Class Members have no authority to hire or fire other employees.

41. The primary duty of Plaintiff and the Class Members is to perform data entry.

42. The primary duty of Plaintiff and the Class Members does not require independent judgment and discretion with respect to matters of significance.

43. The primary duty of Plaintiff and the Class Members relates directly to the service that Defendants offer, not the management of the company's operations.

44. Indeed, the federal regulations make clear that clerical or secretarial work, recording or tabulating data, or performing other mechanical, repetitive, recurrent or routine work is not exempt work. 29 C.F.R. § 541.202(e). An employee who simply tabulates data is not exempt, even if labeled a "statistician" or "accountant." *Id*. That is precisely the work Plaintiff and the Class Members performed.

45. Despite these facts, Defendants misclassified Plaintiff and the Class Members as exempt from overtime pay.

46. Defendants knew that Plaintiff and the Class Members were not exempt and yet deliberately and intentionally or with reckless disregard for the law, ignored the requirement to pay overtime.

## RETALIATION AGAINST PLAINTIFF

47. In October 2022, Plaintiff questioned her exempt status with human resources. In response, Defendants retaliated against her. Defendants told Plaintiff that they were going to draft a document for Plaintiff to sign which stated that Plaintiff agreed that she was exempt from overtime. Plaintiff informed Defendants that she refused to sign that document. In response, Defendants unilaterally and without warning reduced Plaintiff's salary from approximately $70,000 to $60,000. Thus, because Plaintiff complained about her exempt status, Defendants retaliated against her and illegally took money that was rightfully owed to Plaintiff.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

48. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

49. Defendants' practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

50. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiff.

51. Defendants' conduct in failing to pay Plaintiff and the Class Members overtime pay was willful and not based upon a good faith belief that their actions complied with the FLSA.

## COUNT TWO: FLSA RETALIATION

52. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

53. Defendants began to take various actions in retaliation against Plaintiff for raising concerns about being misclassified as exempt from overtime. These actions were designed to retaliate against Plaintiff and to try to intimidate others against asserting their rights.

54. The retaliatory acts include, but are not limited to the following:

    a. Reducing the salary of Plaintiff;

    b. Trying to force Plaintiff to sign an illegal document that states that Plaintiff is exempt from overtime; and

    c. Creating a hostile work environment for Plaintiff.

55. Plaintiff has suffered and continues to suffer adverse employment action from Defendants that constitute direct acts of retaliation.

56. Plaintiff is protected from retaliation under the FLSA, which prohibits an employer from discharging or discriminating against any worker because the worker raised a complaint for unpaid overtime wages. *See* 29 U.S.C. § 215(a)(3).

57. A causal link exists between raising the claim for unpaid overtime wages and the retaliatory actions undertaken by Defendants.

58. Defendants' retaliatory motive caused the actions taken by Defendants.

59. Plaintiff has suffered economic and mental anguish damages as a result.

## **COLLECTIVE ACTION ALLEGATIONS**

60. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

61. Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendants' misclassification of their employees.

62. Plaintiff's knowledge is based on her personal work experience and through communications with other workers of Defendants.

63. Other workers similarly situated to the Plaintiff worked for Defendants throughout the United States but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

64. Although Defendants permitted and/or required the Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40).

65. Defendants have misclassified and continue to misclassify the Class Members as exempt employees without overtime.

66. The Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as exempt by Defendants.

67. The Class Members are not exempt from receiving overtime pay under the FLSA.

68. As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as exempt employees and/or the denial of overtime pay.

69. Defendants' failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members.

70. The experiences of Plaintiff, with respect to her pay, hours, and duties are typical of the experiences of Class Members.

71. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

72. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

73. Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

74. As such, the classes of similarly situated Plaintiffs is properly defined as follows:

> All current and former accounting coordinators who worked for the Planet Group of Companies for at least one week during the three-year period prior to the filing of this action to the present.

## JURY DEMAND

75. Plaintiff hereby demands a trial by jury on all issues.

## PRAYER

76. For these reasons, Plaintiff prays for:

   a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all Class Members;

   b. A judgment against Defendants awarding Plaintiff and the Class Members all their unpaid overtime compensation, and liquidated damages;

   c. Mental anguish and emotional distress damages in the past and future;

   d. Loss of earnings and unpaid compensation in the past and future;

   e. An order awarding attorneys' fees, costs, and expenses;

   f. Pre- and post-judgment interest at the highest applicable rates; and

   g. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Don J. Foty
    Don J. Foty
    Hodges & Foty, LLP
    2 Greenway Plaza, Suite 250
    Houston, TX 77046
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116
    dfoty@hftrialfirm.com

And

By: /s/ Michael L. Fradin
    Michael L. Fradin
    Law Office of Michael L. Fradin
    8401 Crawford Avenue, Suite 104
    Skokie, Illinois 60076
    Phone: 847-644-3425
    Facsimile: 847-673-1228
    mike@fradinlaw.com

ATTORNEY FOR PLAINTIFF AND CLASS MEMBERS