UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIA FOSTER on Behalf of Herself and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> V. <br><br> PLANET GROUP, INC. and PLANET PHARMA, LLC, <br><br> Defendants. | CIVIL ACTION NO.: 1:22-cv-7285 <br><br> Honorable LaShonda A. Hunt |

**JOINT MOTION FOR COURT APPROVAL
OF SETTLEMENTAND DISMISSAL**

Defendants Planet Equity Group LLC and Planet Pharma LLC (collectively, "Defendants"), Plaintiff Kia Foster ("Plaintiff"), and Marjana Apostolov and Kathleen Pelletier (the "Opt-Ins") (together, with Plaintiff and Defendants, the "Parties"), by and through their respective attorneys, jointly move the Court to approve the settlement entered by the Parties. In support of this Motion, Defendants and Plaintiff state as follows:

**I.  INTRODUCTION**

On or about December 28, 2022, Plaintiff Kia Foster ("Foster") brought an action against Planet Group, Inc. and Planet Pharma, LLC in the United States District Court, Northern District Court of Illinois, captioned as *Kia Foster v. Planet Group, Inc. and Planet Pharma, LLC*, Case No.: 1:22-cv-7285 alleging violations of the Fair Labor Standards Act ("FLSA") and retaliation arising out of Plaintiff's employment with Defendants. With respect to Plaintiff's claims under the FLSA, Plaintiff specifically alleges that she was misclassified as exempt and did not receive overtime pay when she worked more than forty hours in a workweek. (Dkt. 1). On or about

December 28, 2022, Marjana Apostolov ("Apostolov") and Kathleen Pelletier ("Pelletier") each filed a Notice of Opt-In Consent with the Court to the FLSA claim. (Dkt. 2). On or around January 17, 2023, Plaintiff filed an Amended Collective Action Complaint dropping Planet Group, Inc. as a party and adding Defendant Planet Equity Group, LLC. (Dkt. 7). No collective has been certified in this action.

Following negotiations between counsel for Defendants and counsel for Plaintiff and the Opt-Ins, the Parties have reached mutually satisfactory agreements on the terms of settlement as reflected in the agreements between Defendants and Plaintiff and between Defendants and each of the Opt-Ins. (*See* Ex. "1" – "3"). The settlement reached by the Parties is fair to the Plaintiff and Opt-Insbecause the parties, who are represented by experienced wage and hour and employment counsel, exchanged data regarding hours worked and resolved their bona fide disputes about amounts owed under the FLSA. For the following reasons, the Parties submit that the payments the Plaintiff and Opt-Ins will be receiving fairly and reasonably compensate them for relinquishing their alleged FLSA claims against Defendants.

## II. ARGUMENTS AND AUTHORITIES

**1.     The Parties have agreed to the terms of the Settlement Agreement.**

The Seventh Circuit has not ruled whether settlement agreements under the FLSA require court approval, but district courts in the Circuit have reviewed such agreements for court approval. *See, e.g., Hoaglan v. Grede Holdings LLC*, No. 20-CV-425-PP, 2022 WL 2703854, at *2 (E.D. Wis. July 12, 2022) (Pepper, C.J.) (collecting cases). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Castillo v. Noodles & Co.*, No. 16-CV-03036, 2016 WL 7451626, at *1 (N.D. Ill. Dec. 23, 2016).

"Normally, a settlement is approved where it is the result of 'contentious arm's-length

negotiations, which were undertaken in good faith by counsel … and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.'" *Jimenez v. Illini Precast LLC*, No. 19-cv-1623-JPS, 2023 WL 1777528, at *3 (E.D. Wis. Feb. 6, 2023) (Stadtmueller, J.) (quoting *Burkholder v. City of Ft. Wayne*, 750 F.Supp.2d 990, 995 (N.D. Ind. 2010)). In FLSA collective actions, there is only a one-step approval process, and the court does not engage in a fairness hearing. Ellen C. Kearns, et al., BNA, *The Fair Labor Standards Act*, § 18.VI.A.I. (4th ed. 2020) ("In settlements of FLSA collective action claims that present no resolution of state law wage and hour claims under [Federal] Rule [of Civil Procedure] 23, most courts conclude that a fairness hearing is not required.").[1]

Here, the Settlement resolves the claims of Plaintiff Foster and the Opt-Ins, Apostolov and Pelletier. No collective has been certified in this action. The Settlement does not affect or alter the rights of any other party. Further, the Settlement was negotiated at arm's length and after reaching an agreement for the Plaintiff and the Opt-Ins, an amount was negotiated separately for their Counsel's attorney's fees. That is, the Plaintiff and the Opt-Ins have recovered the full amount of their alleged unpaid wages and Defendants have agreed to pay an additional amount toward their Counsel's attorney's fees. In light of these facts, the Court should approve the Settlement.

**2. The Settlement represents a fair and reasonable compromise of this litigation.**

There is a strong presumption in favor of finding a settlement fair, particularly where it is the negotiated result of an adversarial proceeding. *Hispanics United of DuPage Cnty. v. Village of*

---

[1] Here, the Parties have fully executed the proposed settlement agreement and the Court has the authority to approve the settlement or decline approval—or even to suggest additional or modified terms that would meet with the Court's approval. *See Evans v. Jeff D.*, 475 U.S. 717, 727 (1986) ("[T]he power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed.").

*Addison, Ill.*, 988 F. Supp. 1130, 1150 n.6 (N.D. Ill. 1997). Although the class-action provisions of Federal Rule of Civil Procedure 23 do not apply to FLSA actions, some courts have looked to the six factors used in class actions for evaluating FLSA settlement proposals: (1) whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles to prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including collective counsel, the claims representative, and the putative collective members. *Hoaglan v. Grede Holdings LLC*, No. 20-CV-425-PP, 2022 WL 2703854, at *2 (E.D. Wis. July 12, 2022) (Pepper, C.J.).

### 2.1. Factor 1: There was no fraud or collusion in reaching the settlement.

The Settlement was reached after negotiations between the Parties. Defendants provided the pay records to Plaintiff and the Opt-Ins to review. Afterwards, the Parties spent months negotiating over the amounts to compensate Plaintiff and the Opt-Ins for their alleged unpaid wages. The recovery at issue provides the Plaintiff and the Opt-Ins with 100% of their alleged back pay, 100% of their alleged liquidated damages, and attorney's fees and costs as well. Plaintiff has also been compensated for her alleged damages arising from her purported FLSA retaliation claim.

### 2.2. Factors 2–5: The case was settled during adversarial litigation. If not resolved, further, extensive litigation would follow.

This case was settled during litigation between the Parties. "[T]hat this settlement is the negotiated result of an adversarial proceeding is an indication of its fairness." *Domingue v. Sun Elec. & Instrumentation, Inc.*, No. CIV.A. 09-682, 2010 WL 1688793, at *1 (M.D. La. Apr. 26,

2010). Indeed, it was resolved only after substantial investigation and work by the Parties and their counsel. If the case were not settled, there would be extensive work to come, including additional written discovery to and from all Parties and associated discovery disputes, depositions of both sides, dispositive motions, and questions regarding liability, Plaintiff's and the Opt-Ins' damages, Defendants' good faith and willfulness.

In all, the Parties engaged in significant work, recognized and appreciated the risks in proceeding if this case were not settled, and (Plaintiff and the Opt-Ins in particular) recognized that their settlement represented a recovery of all of their alleged unpaid wages and alleged liquidated damages.

### 2.3. Factor 6: The participants agree the Settlement is in the best interest of Plaintiff and the Opt-In.

That this Settlement in the best interest of Plaintiff and the Opt-Ins is an opinion shared by Plaintiff, the Opt-Ins and their counsel. Because Plaintiff and the Opt-Ins are represented by experienced counsel, the Court may rely upon their judgment as to the benefits of settlement in relation to the risks of litigation and trial. *Armstrong v. Bd. of Sch. Directors of Cty. of Milwaukee,* 616 F.2d 305, 325 (7th Cir. 1980), *overruled on different grounds*, *Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998). Plaintiff's and the Opt-Ins' Counsel's experience in, and knowledge of, wage-and-hour cases has been noted by various courts.

- "Attorney Foty has obtained substantial experience litigating wage and hour matters, including claims for compensation for working off-the-clock, has served as class counsel in about 100 wage and hour class and collective actions in various states, and has recovered, through settlement or verdict, over $100,000,000 for his clients." *Boone*

*v. Amazon.com Servs., LLC*, No. Civ. A. 1:21-CV-241, 2023 WL 3720996 (E.D. Cal. May 30, 2023).

- "[I]t is clear that Hodges & Foty, LLP is a well-established, reputable firm that is up to the task of handling the challenges of this litigation and is capable of committing the requisite resources to doing so." *Haro v. Walmart, Inc.*, No. Civ. A. 1:21-CV-239, 2023 WL 2242158 (E.D. Cal. Feb. 27, 2023).

- "Counsel for the plaintiffs has appeared multiple times in this Court with success on most, if not all, occasions." *Sandras v. Expeditors & Production Serv. Co.*, No. Civ. A. 16-0239, 2019 WL 658819, at *3 (W.D. La. Feb. 13, 2019).

- "Furthermore, both [the named plaintiff] and his counsel have vigorously prosecuted this action on behalf of the California Class, and nothing in the record suggests that they will not continue to do so." *Swamy v. Title Source, Inc.*, No. Civ. A. 17-01175-WHA, 2018 WL 1586139, at *2 (N.D. Cal. Apr. 2, 2018).

- "Class counsel's skill, knowledge, reputation, and experience is well-recognized in FLSA cases such as this." *Sandras v. Expeditors & Production Serv. Co.*, No. Civ. A. 16-0239, 2019 WL 658819, at *2 (W.D. La. Feb. 13, 2019).

Plaintiff's and the Opt-Ins' Counsel agrees the Settlement Agreement is a fair and reasonable compromise of a bona fide dispute regarding the claims alleged by Plaintiff and the Opt-Ins. Because the settlement is a fair and reasonable compromise given the considerations outlined above, the Court should approve the Settlement.

> **3.     Plaintiff's Counsel's fees and litigation expenses are part of the agreement between the Parties and were separately negotiated. Plaintiff's Counsel has agreed to accept fees that are less than his lodestar.**

After Settlement amounts were determined for Plaintiff and the Opt-Ins (which represent a 100% recovery of their alleged unpaid wages and alleged liquidated damages), the Parties discussed a resolution of the claim for attorney's fees. It is entirely appropriate for the issue of attorneys' fees to be settled by the parties themselves. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("Ideally, of course, litigants will settle the amount of a fee."). The Parties negotiated the attorneys' fees and costs and Plaintiff's and the Opt-Ins' Counsel agreed to accept an amount that is less than his lodestar and an amount that is the equivalent of 17.8% of the total settlement.

Although the Parties have requested court approval of the Settlement, recent authority has increasingly questioned whether a court is required to (or even has the power to) examine or approve of attorneys' fees in an FLSA settlement. *E.g., Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1028 (8th Cir. 2019).[2] In *Barbee*, the Eighth Circuit concluded that not only was the approval of attorneys' fees not required, but that "the district court's authority [over a wage settlement] did not extend beyond concluding the merits settlement was satisfactory." 927 F.3d at 1027. The Eighth Circuit found the parties' agreement on the issue was conclusive unless there was some reason to

---

[2] There has been a growing trend of cases finding that judicial approval of any portion of an FLSA settlement is not required or appropriate, absent special circumstances. *E.g., Hawthorn v. Fiesta Flooring, LLC*, No. 1:19-cv-00019-WJ-SCY, 2020 WL 3085921, at *3-4 (D.N.M. Jun. 10, 2020); *Askew v. Inter-Cont'l Hotels Corp.*, No. 5:19-CV-24-BJB, 2022 WL 3161927, at *7, --- F.Supp.3d ---- (W.D. Ky. Aug. 8, 2022); *Alcantara v. Duran Landscaping, Inc.*, No. 2:21-CV-03947-JDW, 2022 WL 2703610, at *5 (E.D. Pa. July 12, 2022).

believe the fees had some "bearing on whether the employer had adequately paid its employees in a settlement." *Id.*[3]

The logic of *Barbee* and similar cases applies in both collective actions and individual cases. Unlike Rule 23 Class actions, the review of FLSA settlements comes from the need to protect the workers before the court, not in ensuring absent class members are treated fairly. *See Lawson v. Procare CRS, Inc.*, No. 18-cv-00248-TCK-JFJ, 2019 WL 112781 (N.D. Okla. Jan. 4, 2019); *see also* FED. R. CIV. P. 23(e)(2) (requiring approval only "[i]f the proposal would bind class members"). In an FLSA case, there are no "absent" class members, because all plaintiffs must affirmatively opt-into the case, whether before or in conjunction with the settlement. *Lawson*, 2019 WL 112781, at *3 ("Unlike settlements of class actions, cases involving infants or incompetent persons, or settlements of non-bona fide disputes, FLSA claims are opt-in, meaning that the named Plaintiffs are represented by counsel and are actively engaged with the litigation." (citing *Fails v. Pathway Leasing LLC*, No. 18-CV-00308-CMA-MJW, 2018 WL 6046428, at *8–9 (D. Colo. Nov. 19, 2018)). "Accordingly, despite discussion of attorney fees in th[is] joint motion, this Court need not review that aspect of the[ ] motion." *Loveless v. Ecotech, LLC*, No. 4:19-cv-02698-SNLJ, 2020 WL 1032239, at *1 (E.D. Mo. Mar. 3, 2020).

---

[3] Cases declining to review attorneys' fees are in line with the actual language of the FLSA, which does not require the approval of attorneys' fees. *See* 29 U.S.C. § 216. "[T]he FLSA's underlying purpose" is, after all, "protecting workers' rights," not ensuring defendants have fairly compensated plaintiff's counsel. *Barbee*, 927 F.3d at 1027 (quoting *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015)) (internal quotation marks omitted). As a result, "[t]he Court's review of a proposed FLSA settlement is properly limited only to those terms precisely addressing the compromised monetary amounts to resolve pending wage and overtime claims." *Bench v. Cheyenne Logistics, LLC*, No. 4:14-cv-1327, 2016 WL 2997591, at *3 (E.D. Mo. May 25, 2016) (quotation omitted).

At the same time, Plaintiff's and the Opt-In' attorneys' fees in this case are in line with, and **actually less than**, Seventh Circuit precedent. "'[A]ttorneys' fees in class actions should approximate the market rate that prevails between willing buyers and willing sellers of legal services.'" *King v. Trek Travel, LLC*, No. 18-cv-345-WMC, 2019 WL 6790398, at *3 (W.D. Wis. Dec. 12, 2019) (quoting *Silverman v. Motorola Solutions, Inc.*, 739 F.3d 956, 958 (7th Cir. 2013)). "The Seventh Circuit has recognized that 'most suits for damages in this country are handled on the plaintiff's side on a contingent fee basis' and that the 'typical contingent fee is between 33 and 40 percent.'" *Id.* (quoting *Gaskill v. Gordon*, 160 F.3d 361, 362 (7th Cir. 1998)); *accord Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001) (observing the "customary contingency" in the Fifth Circuit is within the range of 35% to 40%).

Here, Plaintiff's and the Opt-Ins' Counsel's fees are less than his lodestar and represent approximately 17.8% of the total settlement. For these reasons, the amount sought for attorneys' fees and costs are reasonable and necessary.

### III. CONCLUSION

The Parties submit that the settlement agreements were reached through arm's length negotiations between the Parties, who were all represented by counsel with significant experience with the FLSA. Accordingly, the Parties request the Court approve the settlement agreements as a fair and reasonable resolution of bona fide disputes over wages under the FLSA. Upon approval of the settlement agreements, the Parties further request the dismissal of the suit, initially without prejudice and converting to one with prejudice within thirty (30) days, with each party to bear its or their own costs and attorneys' fees except as provided for in the settlement agreements.

Dated: February 6, 2024                              Respectfully submitted,

| | |
|---|---|
| **KIA FOSTER** | **PLANET EQUITY GROUP, LLC** <br> **and PLANET PHARMA, LLC** |
| By: /s/ Don J. Foty | By: /s/ *Kathryn Montgomery Moran* |
| Don J. Foty <br> Hodges & Foty, LLP <br> 2 Greenway Plaza, Suite 250 <br> Houston, TX 77046 <br> Phone: (713) 523-0001 <br> Facsimile: (713) 523-1116 <br> dfoy@hftrialfirm.com | Kathryn Montgomery Moran <br> Hannah Griffin Garlough <br> Jackson Lewis P.C. <br> 150 North Michigan Avenue <br> Suite 2500 <br> Chicago, IL 60601 <br> Phone: (312) 787-4949 <br> Facsimile (312) 787-4995 <br> Kathryn.Moran@jacksonlewis.com <br> Hannah.Garlough@jacksonlewis.com |
| Michael L. Fradin <br> Law Office of Michael L. Fradin <br> 8401 Crawford Avenue, Suite 104 <br> Skokie, Illinois 60076 <br> Phone: (847) 644-3425 <br> Facsimile: (847) 673-1228 <br> mike@fradinlaw.com | |